UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

| | |
|---|---|
| IN RE:<br><br>TAMAR Y STRICKLAND<br><br>Debtor | Chapter 13<br>Case No. 24-10755-PMM |
| ALLY FINANCIAL<br><br>Movant<br><br>v.<br><br>TAMAR Y STRICKLAND<br>(Debtor)<br><br>KENNETH E. WEST<br>(Trustee)<br><br>Respondents | Hearing Date: January 21, 2026 @ 01:00 PM<br><br>Response Deadline: January 12, 2026 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND FOR ENTRY OF ORDER WAIVING THE PROVISION OF FED. R. BANKR. P. 4001(a)(4)

NOW COMES Ally Financial, a secured creditor in the above-captioned bankruptcy case, by its counsel, Orlans Law Group PLLC, as and for a motion pursuant to 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001(a)(4), seeking an Order granting relief from the Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2016 Jeep Cherokee and states the following as grounds therefore:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and § 157(a) and 11 U.S.C. § 362(d).  Upon information and belief, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. On March 6, 2024, the Debtor, above-named, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.

3. Ally Financial (the "Creditor") is a secured creditor and the holder of a duly perfected security interest in one (1) 2016 Jeep Cherokee VIN No. 1C4PJMDB2GW339784 (the "Vehicle") pursuant to a Promissory Note and Security Agreement (the "Contract"), a retail installment contract between the Debtor and Ally Bank (the "Seller"), entered into on February 17, 2021, whereby the Debtor agreed to pay a total of $21,397.28 in 60 monthly payments of $356.59 each in connection with the purchase of the Vehicle. The Vehicle is owned by, and upon information and belief is in the possession and control of the Debtor. True and correct redacted versions of the Contract and Proof of Lien Perfection are attached as Exhibits "A" and "B", respectively.

4. On January 21, 2025, the Debtor's Chapter 13 Plan Confirmed.

5. Pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the Court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest in property of such party in interest.

6. As of December 4, 2025, the net total balance due on the obligation to Creditor was $3,531.48.

7. As of December 4, 2025, the Debtor is in default of the payment obligations to the Creditor pursuant to the terms and conditions of the Contract/Lease as follows:

   a. The post-petition monthly payment is $356.59;

   b. The post-petition monthly payment of $178.29 was received by the Creditor on August 22, 2025;

   c. Post-Petition arrears are due in the amount of $2,006.73 which includes the post-petition delinquency for the months of June 19, 2025 through November 19, 2025 in the amount of $19.61.26 and late charges in the amount of $45.47;

    d. The next post-petittion monthly payment of $356.59 is due on December 19, 2025; and

    e. The foregoing does not represent any amount which may be due for costs and attorneys' fees as may be allowed by the Court.

8. That Creditor has ascertained that the clean retail value of the Vehicle is $10,000.00 based on J.D. Power Used Car Guide's estimated value of the Vehicle estimated value of the Vehicle. A copy of the J.D. Power Guide for valuation of the Vehicle is attached hereto as Exhibit "C."

9. Upon information and belief, there is no other encumbrance affecting the Vehicle, and there is no other collateral securing the indebtedness.

10. Upon information and belief, the Debtor continues to enjoy the use and possession of the Vehicle subjecting same to normal occupational wear and tear thereby causing of the Vehicle to depreciate in value. It is respectfully submitted that the continued use of the Vehicle shall eventually render it useless thereby causing Ally Financial irreparable damage to its interests in same.

11. It is respectfully asserted that the Creditor's interest in the Vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

12. Accordingly, sufficient cause exists to grant the Creditor relief from the automatic stay.

WHEREFORE, the Creditor, Ally Financial, respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d), either:

    a. Granting the Creditor relief from the automatic stay in order to obtain possession and dispose of the Vehicle, the entry of which order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(4); and

      b.  For such other and further relief as the Court may deem just and proper.

Date: <u>December 24, 2025</u>

                                             Respectfully Submitted,

                                             <u>*/s/ Elizabeth A. Trachtman*</u>
                                             Eliza Garifullina, Esq. PA 336983
                                             Michele M. Bradford, Esq. PA 69849
                                             Elizabeth A. Trachtman, Esq. PA 333427
                                             Orlans Law Group PLLC
                                             Attorney for Ally Financial
                                             200 Eagle Road, Bldg 2, Suite 120
                                             Wayne, PA 19087
                                             (484) 367-4191
                                             Email: egarifullina@orlans.com
                                             mbradford@orlans.com
                                             etrachtman@orlans.com
                                             File Number: 25-016058